[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER ON MOTION FOR MODIFICATION RE VISITATION (DOCKET ENTRY #120)
On the plaintiff's motion for modification of visitation (docket entry #120), the court orders as follows: CT Page 7361
1. The parties shall continue to share joint legal custody. They shall consult with one another on all major issues involving the child's health, education and general welfare.
2. Primary physical custody and final decision-making on any issue unable to be mutually resolved shall be with the mother.
3. Visitation with the father shall include, but not be limited to, the following:
 a) Alternate weekends from Thursday after school to Monday morning with a pick-up and return of the child at school.
 b) Visitation on intervening weeks shall take place from Wednesday after school through Friday morning with a pick-up and return of the child at school.
 c) Alterations or variations of 3(a) or 3(b) may be made by agreement of the parties.
4. Winter and Spring school vacations shall be alternated and shall include the time between school closing to school opening. Pick-up and return of the child shall be at school unless otherwise arranged by mutual agreement.
1993 Winter vacation — mother Spring vacation — father
1994 Winter vacation — father Spring vacation — mother
5. Summer vacation, the months of July and August, shall be alternated, and the remaining days or weeks of vacation in June shall be shared equally. Visitation with the other parent during the summer vacation shall follow the academic year schedule except that visitation during the intervening weeks shall consist of Thursday overnights only rather than Wednesday and Thursday overnights.
1993 July including July 4th holiday — mother
August — father
1994 July including July 4th holiday — father
August — mother
6. Each parent shall have up to two weeks exclusive vacation time during which visitation with the other parent is suspended. These weeks may be taken consecutively or separately at any time during the year. Each parent is to give the other at least 60 CT Page 7362 days notice of such vacation time.
7. Holiday visitation schedules supersede the regular visitation schedule and shall be as follows:
 a) Monday holidays (Martin Luther King Day, Memorial Day, Labor Day, Columbus Day) shall be spent with the parent who has visitation the preceding weekend.
 b) Mother's Day shall be with the mother and Father's Day with the father regardless of who has visitation that weekend.
 c) Easter shall be alternated as follows: In 1993 from 10:00 a.m. Good Friday through 12:00 noon Easter Sunday — mother; from 12:00 noon Easter Sunday through 8:00 a.m. Monday — father. In 1994 from 10:00 a.m. Good Friday through 12:00 noon Easter Sunday — father; from 12:00 noon Easter Sunday through 8:00 a.m. Monday — mother.
 d) Thanksgiving from 10:00 a.m. Thursday through 6:00 p. m. Friday shall be alternated as follows: 1992 — father; 1993 — mother.
 e) Christmas and New Year's shall be alternated, and the week between shall be shared as follows:
 1992: From school dismissal December 23rd through 12:00 noon on December 25th — mother; from 12:00 noon December 25th through 12:00 noon December 29th — father; from 12:00 noon December 29th through 8:00 a.m. January 2nd — mother.
 1993: From school dismissal December 23rd through 12:00 noon on December 25th — father; from 12:00 noon December 25th through 12:00 noon December 29th — mother; from 12:00 noon December 29th through 8:00 a.m. January 2nd — father.
8. When school is not in session the parent with whom the child is then residing shall deliver the child to the other parent's home for visitation. On cessation of visitation, the parent who has completed such visitation shall deliver the child to the other parent's home. If such delivery or pickup interferes with a parent's work schedule, that parent shall relieve the other parent and allow the other parent the option of pickup or delivery at the designated time or pickup or delivery by the parent who has the work schedule interference at the earliest possible time. CT Page 7363
9. The minor child shall continue in individual therapy and both parents and step-parents shall participate in such therapy to whatever extent deemed necessary by the therapist. The child shall be evaluated to assess the extent and nature of learning disabilities. The clinician or clinicians for the individual/family therapy and for the learning disability and evaluation shall be selected by mutual agreement of the parties. If they are unable to agree they shall return to court for further orders.
10. There shall be a six month review of the foregoing order by the Family Relations Division.
EDGAR W. BASSICK, III, JUDGE